[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR DISCHARGE OF MECHANIC'S LIEN
The defendant seeks to discharge a mechanic's lien claiming that there is not probable cause to sustain the validity of said lien. She claims that the transaction comes under both the Home Improvement Act and the Home Solicitation Sales Act and that the contract between the parties is not in compliance with the requirements of either act.
The complaint states that the plaintiff entered into an agreement with defendant Gagnon in which plaintiff would supply services and materials for a building to be placed upon a piece of land owned by Gagnon. It alleges that the plaintiff entered upon the performance of said Agreement, and in the course thereof provided services. Plaintiff alleges that the balance due for said services is $8,679.00.
The original contract provided for a price of $12,900.00 (Joint Exhibit 3). On said contract there is a statement that "Fill is not included in this price." It is undisputed that plaintiff has paid $12,500.00 to the plaintiff. The plaintiff claims he is entitled to $8,679.00 for fill, services in connection with spreading the fill, and for the use of a trascavator. (Exhibit 4).
Gagnon claims that the transaction comes under the Home Improvement Act, General Statutes section 20-418(4). She claims that the transaction called for the contractor to excavate real property owned by the defendant and to provide land fill thereafter so that the property would be improved and ready for the erection of a modular home. CT Page 992
After hearing, the court finds that the transaction does not come under the Home Improvement Act because the services provided do not fall within the definition of "home improvement." Section 20-419(4) defines home improvement as follows:
 "`Home improvement' includes but is not limited to, the repair, replacement, remodeling, alteration, conversion, modernization, improvement, rehabilitation or sandblasting of, or addition to any land or building or that portion thereof which is used or designed to be used as a private residence or dwelling place, or the construction, replacement, installation or improvement of driveways, swimming pools, porches, garages, roofs, siding, insulation, solar energy systems, flooring, patios, landscaping, fences, doors and windows and water-proofing in connection with such land or building or that portion thereof which is used or designed to be used as a private residence or dwelling place, in which the total cash price for all work agreed upon between the contractor and owner exceeds two hundred dollars. `Home improvement' does not include: (A) The construction of a new home; . . ."
The evidence produced at the hearing to discharge the lien clearly revealed that the work performed by the plaintiff was not in connection with a home improvement, but was in connection with a new home to be placed on the land in the future.
The court further finds that the Home Solicitation Act does not apply to the transaction in this case. Although General Statutes section 20-429(e) states that each home improvement contract entered into shall be considered a home solicitation sale, the court finds that the transaction between the parties was not a home improvement contract. Furthermore, General Statutes section 42-134a(a) defines a home solicitation sale as "a sale, lease, or rental of consumer goods or services." General Statutes section 42-134a(b) defines "consumer goods or services" as "goods or services purchased, leased, or rented primarily for personal, family or household purposes. . ."
The court does not believe that excavation work and the placement of fill is a consumer good or service within the meaning of the statute. CT Page 993
The legislative history of the Home Solicitation Act indicates that it was enacted to protect consumers from the pressure of door-to-door salesmen and ". . . provide a consumer a cooling off period on contracts signed in the home and which were entered into a (sic) response to a door-to-door solicitation." Joint Committee Hearings part 1, p. 431-432 (1976). This transaction was not solicited by a door-to-door salesman, but was entered into only after the defendant called the plaintiff several times.
The motion to discharge the mechanic's lien is denied.
FRANCES ALLEN SENIOR JUDGE